UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20CV-00030-JHM

JASON ALTENHOFEN, individually and
on behalf of others similarly situated                                                 PLAINTIFF

V.

SOUTHERN STAR CENTRAL GAS PIPELINE, INC.                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Cleveland Integrity Services, Inc., to intervene. [DN 22]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Jason Altenhofen, brings this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., asserting that Defendant, Southern Star Central Gas Pipeline, Inc. ("Southern Star"), failed to pay him overtime. Altenhofen alleges that he was employed by Southern Star as an inspector and that he worked in excess of 40 hours each week, but was not paid overtime as required by the FLSA. [DN 1].

Southern Star denies that it had an employment relationship with Altenhofen insisting that he was employed by and paid by Cleveland Integrity Services, Inc. ("CIS"), which assigned him to work for CIS's customer, Southern Star. CIS employs inspection personnel to provide third-party inspection services to its customers. [DN 22-1, Frye Decl. at ¶ 3]. Southern Star is one of CIS's customers. [*Id*. at ¶ 4]. Southern Star hired CIS to provide third-party inspection services for its Welda Station project in Welda, Kansas. [*Id*. at ¶¶ 4, 10]. Southern Star pays CIS a stipulated rate to compensate for the services CIS provides. CIS then pays its inspectors in a manner that it determines. [*Id*. at ¶ 6].

CIS represents that it employed Altenhofen and assigned him to provide inspection services to various CIS clients. According to CIS, it assigned Altenhofen as a Chief Inspector to its team providing services to Southern Star at the Welda Station. [*Id* at ¶¶ 8–10]. CIS determined that Altenhofen's pay and duties qualified him as overtime exempt under the FLSA and instead paid him "a guaranteed minimum weekly salary equal to four times the daily salary amount" based on FLSA regulations, 29 C.F.R. § 541.604(b). [*Id*. at ¶¶ 12, 17]. While employed at CIS, Altenhofen signed ten separate documents that identified him as an employee of CIS. [*Id*. at Frye Decl., Ex. A-B, E-K, M]. Altenhofen also signed an arbitration agreement as a condition of his employment agreeing to "arbitrate all claims that have arisen or will arise out of [his] employment with or termination from the Company regardless of whether those are claims under common law or under statutory law. . . ." [*Id.* at Frye Decl., Ex. A ¶ 2]. Between July 5, 2018, to October 20, 2018, while Altenhofen was assigned to Southern Star, CIS paid Altenhofen $22,100.00. Altenhofen earned an additional $39,159.82 from CIS in 2018 for work done while assigned to a different CIS customer. [*Id*. at ¶ 16].

On April 20, 2020, CIR filed the motion to intervene pursuant to Federal Rule of Civil Procedure 24 claiming that it was Altenhofen's employer during the time period.

## II. STANDARD OF REVIEW

CIS moves to intervene pursuant to both Federal Rule of Civil Procedure 24(a)(2) and Federal Rule of Civil Procedure 24(b)(1)(B). Under Rule 24(a)(2), a non-party may intervene in an action as of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A motion to intervene "must state the grounds for

2

intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Sixth Circuit has held that a proposed intervenor must satisfy four factors before being allowed to intervene: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). The Sixth Circuit instructs that Rule 24 should be "broadly construed in favor of potential intervenors." *Id*.

Under Rule 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). To intervene permissibly under Rule 24(b)(1)(B), a proposed intervenor "must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). Once the prospective intervenor establishes these requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

### III. DISCUSSION

CIS seeks to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permissively intervene under Rule 24(b)(1)(B).

**A. Intervention as of Right Under Rule 24(a)(2)**

    **1. Timeliness**

CIS's motion to intervene is timely. Timeliness is determined by considering the following

factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). "No one factor is dispositive, but rather the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (internal quotation marks and citation omitted). *See also Schmid v. Bui*, No. 5:19CV1663, 2020 WL 377821, at *2 (N.D. Ohio Jan. 22, 2020).

Altenhofen filed the complaint against Southern Star on February 24, 2020. [DN 1]. United States Magistrate Judge Brent Brennenstuhl extended Southern Star's response deadline to April 7, 2020. On that date, Southern Star filed a motion to dismiss pursuant to the Federal Arbitration Act and a motion to compel arbitration. [DN 13]. On April 20, 2020, CIS filed this motion to intervene. [DN 22]. The Court has not set a scheduling conference, deadlines, or trial date. The parties have not made "extensive progress" before the intervenor moved to intervene. *Schmid*, 2020 WL 377821, *2. In fact, the motion to intervene was filed before the start of discovery and the case remains in its infancy. Considering all the relevant circumstances, the Court finds that the motion to intervene is timely.

**2. Substantial Legal Interest in the Subject Matter of the Case.**

"The proposed intervenors must show that they have a substantial interest in the subject matter of this litigation." *Grutter*, 188 F.3d 394 at 398. However, the Sixth Circuit subscribes to a "'rather expansive notion of the interest sufficient to invoke intervention of right.'" *Id.* (quoting

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Additionally, "an intervenor need not have the same standing necessary to initiate a lawsuit." *Id.*; *see also Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005). The Sixth Circuit has also "'cited with approval decisions of other courts 'reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Grutter*, 188 F.3d at 398 (quoting *Miller*, 103 F.3d at 1245). "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Grutter*, 188 F.3d at 398.

CIS argues that it has three substantial interests in the subject matter of the case. First, CIS maintains that the central issue in this case is whether Altenhofen's pay and duties qualified him for an overtime exemption. CIS contends that it has an interest in the adjudication of this issue because it set Altenhofen's job as overtime exempt and exclusively controlled his pay. Additionally, CIS asserts that any liability resulting is joint and several among joint employers. 29 C.F.R. § 791.2. In fact, Altenhofen alleges in his complaint that "[t]hroughout his employment with Southern Star, Southern Star paid him on a day rate basis." [DN 1, Complaint at ¶ 31]. According to CIS, the potential that it may be jointly liable with Southern Star if Altenhofen is able to show Southern Star also employed him is legally sufficient interest for intervention.

In response, Altenhofen argues that CIS does not have a sufficient interest in the underlying litigation because Altenhofen seeks to hold only Southern Star liable for Southern Star's violations of FLSA, not those of CIS. Altenhofen further argues that because he claims only that Southern Star violated the FLSA, only Southern Star's employment practices are at issue. He contends that CIS has no interest in a non-existent joint employment claim. [DN 29 at 4–6]. The Court rejects Altenhofen's argument.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest

of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "Two or more entities can be joint employers and responsible for complying with the Act." *Smith v. Guidant Glob. Inc.*, No. 19-CV-12318, 2019 WL 6728359, at *3 (E.D. Mich. Dec. 11, 2019) (citing 29 C.F.R. § 791.2(a)). Under the FLSA, the issue of joint employment depends upon "'all of the facts in the particular case and is largely an issue of control.'" *Id*. (quoting *Parrott v. Marriott International, Inc.*, No. 17-10359, 2017 WL 3891805, at *1 (E.D. Mich. Sept. 6, 2017)). "The Sixth Circuit has not formulated a test to identify a joint employer for FLSA purposes; however . . . the focus has been the following factors: whether the plaintiff's alleged joint employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.; see also Branning v. Romeo's Pizza, Inc.*, No. 1:19 CV 2092, 2020 WL 3275716, at *3 (N.D. Ohio Apr. 6, 2020); *Rhea v. West Tennessee Violent Crime & Drug Task Force*, No. 2:17CV02267, 2018 WL 7272062, *4 (W.D. Tenn. Dec. 12, 2018); *Williams v. King Bee Delivery, LLC*, 199 F. Supp. 3d 1175, 1180–81 (E.D. Ky. 2016); *Bacon v. Subway Sandwiches & Salads, LLC*, No. 3:14-CV-192, 2015 WL 729632 (E.D. Tenn. 2015).

CIS represents that it hired Altenhofen and that Altenhofen submitted to CIS's employment policies, classified him as overtime exempt, established his compensation package, made requisite payroll contributions to state and federal taxing authorities, wrote and controlled his paychecks, assigned him to work for various clients of CIS to provide third-party inspection services, and assigned him to work as the Chief Inspector to its team providing services to Southern Star at the Welda Station. [DN 22 at 3–4]. Accordingly, while Altenhofen does not directly assert an FLSA overtime claim against CIS, it is certainly possible that CIS and Southern Star were joint employers and CIS could be construed as jointly and severally liable under the facts of the present case.

*Ferrell v. SemGroup Corp.*, 19-CV-00610-GKF-JFJ, at 5 (N.D. Okla. June 12, 2020) [DN 34-1]. The potential for joint and several liability is a legally sufficient interest for intervention. *See Kansas Public Emp. Retirement Sys. v. Reimer & Kroger Assoc., Inc.*, 60 F.3d 1304 (8th Cir. 1995) (the potential of joint and several liability was sufficient to allow intervention); *Robertson v. Enbridge (U.S.) Inc.*, No. 2:19-CV-01080-LPL, 2020 WL 2105064, at *3 (W.D. Pa. Apr. 13, 2020), report and recommendation adopted, No. 2:19-CV-1080, 2020 WL 2104911 (W.D. Pa. May 1, 2020) (staffing agency that provides inspection services permitted to intervene in suit between staffing agency's employee and a client of staffing agent finding that the issue of joint employment sufficient to satisfy an interest in the litigation); *Snow v. Silver Creek Midstream Holdings, LLC*, 19CV-241-J, at 6 (D. Wyo. March 03, 2020) [DN 22-4] (same); *Ferrell v. SemGroup Corp.*, 19-CV-00610-GKF-JFJ, at 7 (N.D. Okla. June 12, 2020) [DN 34-1] (same).

Second, CIS argues that it also has a distinct interest in enforcing Altenhofen's arbitration agreement. CIS maintains that moving forward without it could result in Altenhofen being able to avoid the arbitration forum in which he committed to bring his employment claims and would deprive CIS the benefit of the bargain it struck. In response, Altenhofen argues that its arbitration agreement, which applies only to claims against CIS, is not triggered because he seeks to hold only Southern Star liable for Southern Star's violation of FLSA.

Contrary to Altenhofen's argument, the Court finds that CIS's interest in enforcing Altenhofen's arbitration agreement, when coupled with CIS's status as a potential joint employer of Altenhofen, satisfies a legally sufficient interest for intervention. As recognized by the district court in *Robertson*, a sufficient interest in the litigation exists where "these particular employees, and others who may opt in later, have either agreed to a forum selection clause or an arbitration agreement, both of which are being circumvented given that a joint employer of theirs were not

named." *Robertson*, 2020 WL 2105064, at \*3; *see also Bagne v. JP Morgan Chase Bank, N.A.*, No. 08-CV-13646, 2008 WL 11355527, at \*4 (E.D. Mich. Dec. 31, 2008) (intervention necessary where denial of intervention could potentially result in resolution of action in court, instead of the contracted arbitral forum).

Third, CIS asserts that it has a further interest in the proceeding because Southern Star demanded indemnification for any recovery awarded in Altenhofen's suit. Michael Frye, Chief Accounting Officer for Cleveland Integrity Services, Inc., avers that Southern Star demanded indemnity from CIS. [DN 22-2, at ¶ 3]. Courts agree that an intervenor has a sufficient interest in litigation where it may be required to indemnify a customer. *See Estate of Sieman ex rel. Sieman v. Huron Med. Ctr.*, No. 11-11249-BC, 2012 WL 909820, at \*4 (E.D. Mich. March 15, 2012) (granting intervention where the defendant "may seek indemnification" from the proposed intervenor for the judgment); *Vasandani v. Dublin Green Condominium Owners' Ass'n, Inc.*, No. 2:14-CV-0059, 2014 WL 2695499, at \* 2 (S.D. Ohio June 13, 2014) (same); *Snow*, 19CV-241-J, at 6 (granting intervention of a pipeline inspection staffing agency where the staffing agent's client may seek indemnification from the proposed intervenor for the judgment).

In response, Altenhofen argues that the affidavit is insufficient to demonstrate CIS's potential indemnity obligation because CIS failed to produce any evidence of contractual indemnity agreements. [DN 29 at 11–12 (citing *Thompson v. The Budd Co.*, 199 F.3d 799, 806–07 (6th Cir. 1999); *Nat'l Union Fire Inc. Co. v. A.A.R. W. Skyways, Inc.*, 784 P.2d 52, 54 (Okla. 1989) (right of indemnity may arise of an express contract)]. However, accepting the allegations of Frye's affidavit and the pleading to intervene as true, CIS satisfied its burden to demonstrate a sufficient interest in the litigation. *See Ferrell*, 19-CV-00610-GKF-JFJ, at 7.

With respect to Altenhofen's argument that employers cannot bring indemnity claims

8

under the FLSA, the existence of such a right is still an open question in the Sixth Circuit. *Scalia v. MICA Contracting, LLC*, No. 1:18-CV-590, 2019 WL 6711616, at *2 (S.D. Ohio Dec. 10, 2019). As noted by the district court in *Ferrell*, "[a]t this stage . . . , the court need not determine whether indemnification is permissible because intervention requires only that [the proposed intervenor] demonstrate the *possibility* that an interest will be impaired." *Ferrell*, 19-CV-00610-GKF-JFJ, at 7.

For these reasons, the Court finds that CIS has substantial legal interests in the subject matter of this action.

### 3. Impairment of Ability to Protect Interest in the Absence of Intervention.

The third factor a proposed intervenor must satisfy is whether its "ability to protect [its] interest may be impaired in the absence of intervention." *Granholm*, 501 F.3d at 779. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (internal citation omitted); *see also Grutter*, 188 F.3d at 399.

CIS argues that disposing of this lawsuit without its involvement would impair its ability to defend against the claims that the compensation it, not Southern Star, paid violated the law. It would also permit Altenhofen to circumvent CIS and Altenhofen's agreement to arbitrate and result in indemnification liability against CIS.

Despite Altenhofen's argument to the contrary, the Court finds that CIS's identified interests may be impaired or impeded if not allowed to intervene. As discussed above, while Altenhofen seeks to recover solely from Southern Star in the present action, there is potential for CIS "to be construed jointly and severally liable as a joint employer under the FLSA given the facts of Plaintiff's employment." *Snow*, 19CV-241-J, at 6 [ 22-4]. In fact, "the theory of liability

against [Southern Star] is necessarily grounded in establishing a joint employment relationship with CIS." *Robertson*, No. 2:19-CV-01080-LPL, 2020 WL 2105064, at *4. Further, the potential exists for Southern Star to claim that CIS is Altenhofen's sole employer. *Snow*, 19CV-241-J, at 6. Thus, "[w]ithout [CIS] in the case, [Southern Star] could argue and assert that [CIS] is the sole employer, or joint employer, subjecting [CIS] to potential liability without the ability to defend itself." *Id*. Relatedly, CIS's "potential status as a joint employer also directly impacts its rights pursuant to the arbitration provision included in its Employment Agreement with [Altenhofen] and could impair its rights to proceed in its chosen forum—arbitration." *Ferrell*, 19-CV-00610-GKF-JFJ, at 5 [DN 34-1]; *see also Bagne,* 2008 WL 11355527, at *4 (intervention necessary where denial of intervention could potentially result in resolution of action in court, instead of the contracted arbitral forum). Finally, CIS's interests could also be impaired if not allowed to intervene because of the indemnity demand asserted by Southern Star. Thus, the adjudication of Altenhofen's claims "necessarily affects" and may impair the interests of CIS. *Snow*, 19CV-241-J, at 6.

Altenhofen also argues that intervention should not be permitted because CIS is not a necessary party to the FLSA action pursuant to Federal Rule of Civil Procedure 19(a). However, Altenhofen's discussion of Rule 19 is immaterial in the present case. Whether CIS constitutes a necessary party under Rule 19(a) is not determinative of its right to intervene under Rule 24(a). *Ferrell*, 19-CV-00610-GKF-JFJ, at 5–6; *see also Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 687 n.6 (S.D. Fla. 2014) ("the determination that Chatham is not a required party under Rule 19 does not speak to whether Chatham may intervene in this action under Fed. R. Civ. P. 24"); *Clinton County YMCA v. Suddes & Assoc.*, No. C-1-05-137, 2006 WL 8443092, at *5 (S.D. Ohio June 15, 2006) ("Whether the State of Ohio would qualify as a 'necessary party' for

purposes of joinder under Fed. R. Civ. P. 19 is simply irrelevant to our consideration of whether the State qualifies to intervene of right in this action."). Here, "the question is not whether the action itself could proceed without a necessary party," but instead "whether the intervening employers' interest may be affected by the disposition of the action." *Robertson*, 2020 WL 2105064, at *4 n.6.

For these reasons, the Court finds that CIS satisfied the third factor.

### 4. Parties before the Court cannot Adequately Protect Interest

"The fourth and final factor a proposed intervenor must satisfy is whether 'the parties already before the court cannot adequately protect the proposed intervenor's interest.'" *INVESCO Institutional (N.A.), Inc. v. Paas*, No. 3:07-CV-0175-R, 2008 WL 4858210, at *7 (W.D. Ky. Nov. 7, 2008) (quoting *Granholm*, 501 F.3d at 779). "'Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit." *INVESCO*, 2008 WL 4858210, at *7 (quoting *Michigan*, 424 F.3d at 443). "This burden is minimal—the proposed intervenor must only show that there is a potential for inadequate representation." *INVESCO*, 2008 WL 4858210, at *7 (internal citation omitted). The proposed intervenor "'is not required to show that the representation will in fact be inadequate.'" *Id*. (quoting *Miller*, 103 F.3d at 1247). "When the proposed intervenor shares 'the same ultimate objective as a party to the suit' however, it 'must overcome the presumption of adequate representation.'" *INVESCO*, 2008 WL 4858210, at *7 (quoting *Michigan*, 424 F.3d at 443–44).

Altenhofen argues that CIS's and Southern Star's interests are identical and therefore Southern Star's representation is adequate. Specifically, Altenhofen argues that CIS's end goal is to compel Altenhofen to arbitrate his claims which Southern Star has already sought such relief— demonstrating its willingness and ability to protect this right.

11

After a review of the pleadings, the Court finds there is potential that the interests of CIS and Southern Star may diverge and CIS may not be adequately represented in this action. Although the interests of CIS are similar to those of Southern Star, those interest diverge in that CIS is the entity that determined Altenhofen's pay status, employment duties, and issued the paychecks. CIS also has an employment contract with Altenhofen which contains the arbitration agreement, while Southern Star does not. *See Robertson*, 2020 WL 2105064, at *5. Given that Southern Star denies that it was in an employment relationship with Altenhofen under the FLSA, it is probable that Southern Star will argue that CIS bears the sole liability for any FLSA violation or that both Southern Star and CIS "may point the proverbial finger at one another." *Snow*, 19CV-241-J, at 8; *see also Ferrell*, 19-CV-00610-GKF-JFJ, at 8. Additionally, Southern Star may have an incentive to settle the underlying claim rather than pursue a defense of CIS's pay practices. Furthermore, Altenhofen's argument that Southern Star cannot enforce the arbitration agreement with CIS because Southern Star is a non-signatory to that agreement disproves Altenhofen's suggestion that Southern Star has the ability to adequately represent the interests of CIS. Finally, a judgment against Southern Star "may lead to a claim for indemnification" against CIS. *Robertson*, 2020 WL 2105064, at *5. Thus, CIS satisfied the fourth requirement.

**B. Permissive Intervention under Rule 24(b)(1)(B)**

CIS argues that even if the Court decides that it is not entitled to intervene under Rule 24(a)(2), it should nevertheless permit CIS to intervene permissively. Under Rule 24(b)(1)(B), a district court may permit an interested party to intervene when it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Sixth Circuit holds that when considering a motion for permissive intervention, a court should weigh the following: the timeliness of the motion, whether there is at least one common question of law or

12

fact, whether there would be undue delay, any prejudice to the original parties, and any other relevant factors identified by the parties. *Stupak–Thrall v.. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

After weighing these factors, the Court finds that permissive intervention is also proper. CIS's motion is timely, as no discovery has been taken and no proceedings have been scheduled. There are also common questions of law and fact—whether the arbitration agreement is enforceable and whether the pay and duties of Altenhofen qualify him as overtime exempt under the FLSA. Indeed, "[t]he fact that CIS . . . [is] not named in the lawsuit does not, in the Court's opinion, take away the common questions of law and of fact that may face [it] when either [Southern Star] looks to [it] for indemnification or Plaintiff[] sue[s] [it] for the same issues in a second lawsuit." *Robertson*, 2020 WL 2105064, at *5. Finally, the intervention of CIS will not delay or prejudice the adjudication of the rights of any parties to the lawsuit because the case is in its initial phases. "Rather, intervention will contribute to the development of the underlying factual and legal issues." *Ferrell*, 19-CV-00610-GKF-JFJ, at 9. Thus, permissive intervention pursuant to Rule 24(b) is also proper.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Cleveland Integrity Services, Inc., to intervene [DN 22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Cleveland Integrity Services, Inc., shall file its motion to compel arbitration **no later than July 7, 2020.** Response and reply times shall be governed by local rule. After the reply, the Court shall address both parties' motions to compel at the same time.

cc: counsel of record

Joseph H. McKinley Jr., Senior Judge
United States District Court